IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA and the PEOPLE OF THE VIRGIN ISLANDS<br><br>v.<br><br>WAYNE A.G. JAMES,<br><br>Defendant. | CRIMINAL NO. 2015-42<br><br>Wire Fraud, 18 U.S.C. § 1343; Federal Program Embezzlement, 18 U.S.C. § 666(a)(1)(A); Forfeiture, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) |

\*\*\*\*\*\*\*

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

All dates and times in this Indictment are alleged to be "on or about" the specific date stated. At all times relevant to this Indictment:

1. **WAYNE A.G. JAMES** served as a senator in the Legislature of the Virgin Islands ("Legislature") from January 2009 through January 2011, following his November 2008 election by voters in the St. Croix district.

2. The Legislature was a component of the Government of the Virgin Islands, which received, during each year from 2009 through 2011, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, guarantee, and other form of federal assistance.

3. The Fireburn was a labor riot that occurred in St. Croix in 1878. Many historical documents related to the Fireburn were located in Denmark.

4. While a senator, **JAMES** proposed using Legislature funds to obtain historical documents related to the Fireburn from the Danish National Archives, located in Denmark.

**JAMES** proposed using Legislature funds to obtain, translate, and distribute copies of the documents to institutions in the U.S. Virgin Islands.

## COUNTS ONE AND TWO
(Wire Fraud, 18 U.S.C. § 1343)

5. The allegations contained in Paragraphs 1 through 4 of this Indictment are realleged as though fully set forth herein.

6. From in or about April 2009 through in or about January 2011, in the District of the Virgin Islands and elsewhere, the defendant,

**WAYNE A.G. JAMES,**

knowingly devised, and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme to Defraud

7. The purpose of the scheme to defraud was to enrich the defendant, **WAYNE A.G. JAMES**, by appropriating Legislature funds for **JAMES**'s own personal use and benefit.

### Manner and Means of the Scheme to Defraud

8. **JAMES** obtained cash advances from the Legislature, payable to **JAMES**, for all expenses related to the Fireburn research project, purportedly to effect transfers to Denmark on behalf of the Legislature. **JAMES** obtained cash advances ostensibly for payment to the Danish National Archives, but in fact only paid part of them to the Danish National Archives, converting the remainder for his personal use.

9.     **JAMES** double-billed the Legislature for expenses, obtaining a cash advance for payment to the Danish National Archives for work for which he had received a previous cash advance.

10.    **JAMES** submitted invoices for research and translation work that was never done, and **JAMES** received Legislature funds for payment of these invoices.

11.    **JAMES** submitted an invoice for translation work that was completed before his election to the Legislature, and **JAMES** received Legislature funds for payment of this invoice.

<u>Execution of the Scheme to Defraud</u>

12.    On or about the dates set forth below, in the District of the Virgin Islands and elsewhere, **JAMES**, for the purpose of executing the scheme and artifice to defraud described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds; that is **JAMES**, to cash checks payable to him from Legislature, caused the following interstate wire communications, each transmission constituting a separate count:

| Count | Approximate Date | Wire Communication |
|---|---|---|
| 1 | 10/19/2010 | From Banco Popular in the U.S. Virgin Islands to Banco Popular in Puerto Rico. |
| 2 | 10/22/2010 | From Banco Popular in the U.S. Virgin Islands to Banco Popular in Puerto Rico. |

All in violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES THAT:**

**COUNT THREE**
(Federal Program Embezzlement, 18 U.S.C. § 666(a)(1)(A))

13. The allegations contained in Paragraphs 1 through 11 of this Indictment are realleged as though fully set forth herein.

14. From in or about October 2010 through in or about September 2011, in the District of the Virgin Islands and elsewhere, the defendant,

**WAYNE A.G. JAMES,**

while an agent of the Government of the Virgin Islands, did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of any person other than the rightful owner, and knowingly misapply, property that was valued at $5,000 or more, and was owned by, and was under the care, custody, or control of an organization, government, or agency which received more than $10,000 in federal program funds in a one-year period; that is, **JAMES** obtained at least $5,000 in Government of the Virgin Islands funds based on false representations that the money would be used to fund historical research, when in fact **JAMES** appropriated a portion of the money to his own use.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## FORFEITURE ALLEGATIONS

The Grand Jury for the District of the Virgin Islands further finds that:

15. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on any of Counts One through Three of this Indictment.

16. Upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, the defendant,

### WAYNE A.G. JAMES,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. Such forfeitable property includes a sum of money equal to the amount of proceeds obtained as a result of the offenses.

17. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

The Grand Jury returned a TRUE BILL.

| | |
|---|---|
| Raymond Hulser<br>Chief, Public Integrity Section<br>Criminal Division<br>Department of Justice<br><br>_____<br>Amanda R. Vaughn<br>Justin D. Weitz<br>Trial Attorneys | Ronald W. Sharpe<br>United States Attorney<br>District of the Virgin Islands<br><br>_____<br>Nelson Jones<br>Assistant United States Attorney |

DISTRICT COURT OF THE VIRGIN ISLANDS: Returned into the District Court on this  1  day of October, 2015, by Grand Jurors and filed.

_____
CURTIS V. GOMEZ
U.S. DISTRICT JUDGE

7