### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Criminal No. 15-42-CVG-RM |
| ) | |
| **WAYNE A.G. JAMES,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### UNITED STATES' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM

The defendant is asking this Court to hold that any request he submitted for money to the Legislature, with a mere assertion that it was in preparation for legislation, is a protected legislative act. The defendant is also asking this Court to hold that, merely because he can relate his requests to bills and hearings on similar topics that the Legislature passed and held, his requests are protected. The defendant's positions contravene well-established Supreme Court and Third Circuit precedent, and the grand jury testimony and additional bill—which appears to be a bill covering the same issue as the bill in Exhibit 1 attached to the defendant's original motion—the defendant has provided does not change the fact that the defendant is charged with stealing money and failing to take any official acts, let alone legislative ones. *See United States v. Brewster*, 408 U.S. 501, 516 (1972) (ruling that legislative immunity does not extend to "include all things in any way related to the legislative process" because "[g]iven such a sweeping reading, we have no doubt that there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process").

Asking for and receiving money from the Legislature is not a legislative act. The Third

1

Circuit made that clear in *Lee*. *Government of the Virgin Islands v. Lee*, 775 F.2d 514, 524 (3d Cir. 1985) (noting that "[c]learly the request [for reimbursement for travel expenses] in itself is not legislative" where the request was alleged to have misrepresented the trip as involving meetings for legislative purposes). In addition, the act of paying the defendant is not sufficiently integral to the enactment of legislation to constitute a legislative act. *U.S. ex rel. Hollander v. Clay*, 420 F. Supp. 853, 856 (D.D.C. 1976) (rejecting the claim that the act of being paid for travel between Washington, D.C. and a Congressman's home district was protected because "of the pay function's dubious connection with the deliberative and communicative processes that make up protected legislative activities"). It does not matter if the defendant asserts that the money is intended to facilitate a legislative act—which, here, is inconsistent with the charges and the evidence. Getting money is not an "integral part of the deliberative and communicative processes" by which legislators "participate in committee and [legislative] proceedings with respect to the consideration and passage or rejection of proposed legislation," *Gravel v. United States*, 408 U.S. 606, 625 (1972). Using legislature funds for personal expenses is a manifestly non-legislative act, no matter the pretense under which it was obtained. *See United States v. Rostenkowski*, 59 F.3d 1291, 1303 (D.C. Cir. 1995) (finding prosecution of Congressman for misappropriating congressional funds for personal use did not violate the Speech or Debate Clause).[1]

---

1   In *Rostenkowski*, the defendant argued that because his staffing decisions are protected by the Speech or Debate Clause the government could not prosecute him for putting individuals on his payroll but diverting their salaries to his personal use. *Rostenkowski*, 59 F.3d at 1302-03. The court rejected this claim, in part because putting the individuals on his payroll appeared to be "a mere pretext for their payment out of congressional funds." *Id.* at 1303. The defendant similarly is relying on the pretext that the funds were for legislative acts to claim he is protected here. That is not sufficient to meet his burden.

Moreover, the defendant has failed to satisfy his burden of demonstrating that where he did obtain documents—which, as the Government alleges, was rare and predated his service in the Legislature—it was a protected legislative act. In fact, he has not identified with any specificity which documents he is claiming he obtained for the purpose of enacting legislation, and how such documents are part of the Government's prima facie case. His inability to do so should end the inquiry there. The defendant continues to put bills focused on commemorating the Fireburn in front of this Court to distract it from what is really at issue. The defendant is not charged with introducing a bill or holding a committee hearing. The Government does not plan to introduce any evidence that he did so. The issue in this case is whether the defendant's representations to the Legislature that he needed money to get documents were false, and the Government intends to prove that they were. That does not require proof of bills or hearings.

Further, the act of getting a document from Denmark through informal channels is not a manifestly legislative act. *United States v. Menendez*, 831 F.3d 155, 166 (3d Cir. 2016) (describing manifestly legislative acts to include voting on a bill and participating in committee hearings). If legislative at all it is only because it was done for the purpose of enacting legislation. *Brewster*, 408 U.S. at 514. This means that, at most, getting documents informally is ambiguously legislative, and the defendant must demonstrate it is legislative in fact. *Menendez*, 831 F.3d at 167 ("Only after we conclude that it is in fact legislative must we refrain from inquiring into a legislator's purpose or motive."); *Lee*, 775 F.2d at 522, 524 (remanding for further findings where the district court concluded the defendant was charged for engaging in legislative acts "without making any specific factual findings concerning the legislative nature of these activities"). Moreover, even if getting a document from Denmark is legislative in fact, arranging for payment to third-parties or negotiating prices for those documents—even if necessary to obtain

them—cannot seriously be deemed an integral part of the legislative process.  *See United States v. McDade*, 28 F.3d 283, 299 (3d Cir. 1994) (finding that although travel to and from a location where legislative acts are performed is a "precondition for the performance of these acts," they are "not an integral part of Congress's deliberative and communicative processes"); *Hollander*, 420 F. Supp. at 856 (rejecting the claim that the act of being paid for travel between Washington, D.C. and a Congressman's home district was protected because "of the pay function's dubious connection with the deliberative and communicative processes that make up protected legislative activities").

The only evidence the defendant submits to support his claim that his receipt of documents is legislative in nature are the false representations he made to the Legislature to get the money, proposed bills and hearings related to the commemoration of Fireburn, and his senior advisor's grand jury testimony about what he *intended* to do in relation to Fireburn.  The defendant's characterization of his requests for money to the institution controlling disbursement is not dispositive.  *See Menendez*, 831 F.3d at 171 ("That Senator Menendez framed those meetings using the language of policy does not entitle them unvaryingly to Speech or Debate protection.").  And promises of future legislative acts are not protected—for example, saying he *will* get documents or saying he *will* introduce legislation.  *See, e.g.*, *United States v. Helstoski*, 442 U.S. 477, 490 (1979) ("But it is clear from the language of the Clause that protection extends only to an act that has already been performed.  A promise to deliver a speech, to vote, or to solicit other votes at some future date is not 'speech or debate.'  Likewise, a *promise* to introduce a bill is not a legislative act." (emphasis in original)).

Further, none of the evidence the defendant offers overcomes the evidence the Government provided of the defendant's contemporaneous emails to individuals who were *not* controlling the

disbursements of funds that demonstrated, where he did receive work, it was for personal projects. In fact, the bills the defendant offers—including the proposed bill he has just used to supplement the record—are about having a holiday to commemorate the Fireburn, not about bringing documents back to the Virgin Islands. And the defendant has not provided any evidence that the documents he obtained from Denmark were an "integral part of the deliberative and communicative processes" by which the Legislature was considering that bill. If a legislator can protect his conduct by finding some bill or hearing on a similar topic, the Supreme Court's clearly articulated limitations on the privilege would be eviscerated. *Brewster*, 408 U.S. at 516 ("Given such a sweeping reading, we have no doubt that there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process."); *id.* at 528 (finding speech or debate immunity does not protect "inquiry into a legislature's activities simply because the activities have 'some nexus to the legislative functions' or 'casually or incidentally relate to legislative affairs.'").

The defendant's provision of an additional bill related to Fireburn does not protect his fraudulent scheme in this case, and his senior advisor's testimony about what he *intended* to do with documents is nothing more than a promise of future legislative acts. The defendant's motion to dismiss should be denied.

                                                                             Respectfully submitted,

                                                                             Ronald W. Sharpe
                                                                             United States Attorney

                                                                             Raymond Hulser
                                                                             Chief, Public Integrity Section

Dated: February 7, 2017                             By:     /s/ Amanda R. Vaughn
                                                                                            Justin D. Weitz

                Amanda R. Vaughn
                Trial Attorneys

                Delia Smith
                Assistant United States Attorney

## Certificate of Service

**I HEREBY CERTIFY** that on this 7th day of February, 2017, I electronically filed the foregoing **United States' Memorandum in Support of Opposition to Defendant's Supplemental Memorandum** with the Clerk of the District Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Omodare B. Jupiter
Federal Public Defender
Brendan Hurson
Assistant Federal Public Defender
1115 Strand Street
St. Croix, VI 00820
**Attorney for Defendant Wayne A.G. James**

                                              By:    /s/Amanda R. Vaughn
                                                        Justin D. Weitz
                                                        Trial Attorney
                                                        Department of Justice
                                                       Public Integrity Section
                                                       1400 New York Ave NW
                                                       Washington, DC 20005
                                                       Phone – 202.514.1412
                                                       Justin.weitz@usdoj.gov