```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
                           * * *
UNITED STATES OF AMERICA,      )
                    Plaintiff  )
                               )
            V.                 )
                               )
                               )      NO. 15-CR-42
WAYNE A.G. JAMES               )
                               )
            Defendant.         )
```

**MOTION TO CONTINUE TRIAL OR TO ENTER ORDER ON MOTION TO DISMISS**

Now comes the defendant, Wayne James, by and through his counsel, and hereby moves this Honorable Court, to continue the trial in the matter to permit the Court time to review additional material submitted today or, in the alternative, to enter an Order on Mr. James' Motion to Dismiss (ECF/CM # 87) or, in the alternative, to docket an Order on the motion. In further support, Mr. James offers:

1. Mr. James moved this Court to issue an Order dismissing the indictment or, in the alternative, to suppress evidence. See ECF/CM # 87. The motion alleged that the government infringed upon Mr. James' Speech or Debate immunity in investigating and charging the case. The government filed a robust response to the motion. See

ECF/CM # 104. The Court held an Omnibus hearing on pending motions, including the Motion to Dismiss, yesterday. See ECF/CM # 107 (minute entry).

2. At the conclusion of the hearing, the Court denied the Motion to Dismiss orally, but did so without prejudice to permit Mr. James a short period (until 3:30 p.m. yesterday) to supplement the record with new materials relevant to the Motion. No docket entry reflects the Court's oral ruling.

3. Mr. James did file a supplement as requested including new documents unavailable to the defense at the time of the hearing. See ECF/CM # 108 (re-filed today at ECF/CM # 119) and Sealed Document #112. The government promptly responded with an additional memorandum in support of its position. See ECF/CM # 114.

4. The Court originally requested that the parties be available for a possible continued hearing on the supplemented documents in the afternoon, but later determined that no hearing would be necessary.

5. This morning, Mr. James received additional transcripts

–2–

    from the Virgin Islands' legislature memorializing committee debate on Fireburn legislation. Mr. James has asked the court, under a separate filing, to review this material in connection with the Motion to Dismiss.

6. As of this writing, no written or text entry has been entered formally denying Mr. James' Motion to Suppress.

7. Ordinarily, pre-trial motions are not appealable until a final judgement (i.e. a conviction and sentence) has been entered. "This 'final judgment' rule ordinarily 'prohibits appellate review until conviction and imposition of sentence' in a criminal case." <u>United States v. Wright</u>, 776 F.3d 134, 140 (3d Cir. 2015) (<u>citing</u> <u>Flanagan v. United States</u>, 465 U.S. 259, 263(1984) (citations omitted)).

8. However, the Supreme Court has recognized a limited number of issues that can be appealed prior to a final judgement. Known as the "collateral order doctrine," the Supreme Court (and courts of appeal) permit a defendant to immediately appeal a district court order entered prior to final judgment "if it (1) conclusively determines the disputed question, (2) resolves an important issue

completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment." United States v. McDade, 28 F.3d 283, 288 (3d Cir. 1994)

9. "In Helstoski v. Meanor, 442 U.S. 500 (1979), the Supreme Court held that all of the requirements of the collateral order doctrine were met by a district court order refusing to dismiss an indictment pursuant to the Speech or Debate Clause." Id. at 288.

10. There is no dispute that the Court of Appeals for the Third Circuit permits an immediate appeal from a District Court's Order denying a motion based on speech or debate immunity. Id. ("Under this precedent, we have jurisdiction to entertain the defendant's claim that the Speech or Debate Clause requires dismissal of the entire indictment or particular charges contained in the indictment. We also have jurisdiction to review any of the district court's other rulings regarding the Speech or Debate Clause that satisfy all of the requirements of the collateral order doctrine."); see also Youngblood v. DeWeese, 352 F.3d 836,

838 (3d Cir. 2003), as amended (Feb. 11, 2004)("One well-established exception [to the final judgement rule of 28 U.S.C. § 1291] is for orders denying motions to dismiss for reasons of immunity.").

11. The Court of Appeals for the Third Circuit has recently heard an interlocutory appeal on a speech or debate issue. United States v. Menendez, 831 F.3d 155, 165 (3d Cir. 2016).

12. In that case, the United States Department of Justice Public Integrity Section has recognized that an Order on speech or debate immunity is directly appealable before the entry of a final judgement. See United States v. Robert Menendez, No. 15-349, Motion to Dismiss and Opposition to Motion for Additional Words, PACER Document # 003112117100, (conceding that "Defendant-appellant Menendez has a right to an interlocutory appeal of the district court's order denying his motions predicated on the Speech or Debate Clause" but challenging right to appeal other issues) (citing Helstoski, 442 U.S. at 506-08)).

13. Thus, it is well-established and uncontroverted that the question of speech or debate immunity is immediately appealable under the "collateral order" doctrine.

14. As noted, Mr. James has filed a request to supplement the record with new transcripts of debates/discussion in the Virgin Islands' senate that were just received by the undersigned this morning. Mr. James believes these to be relevant to the issue of speech or debate immunity and has asked the court to review them as it considers the Motion to Dismiss.

15. If the Court denies Mr. James' Motion, Mr. James intends to file an immediate interlocutory appeal. If the Court grants Mr. James' motion, then the government will not be able to proceed to trial. As such, Mr. James submits that a continuance of the trial date is appropriate in this matter to permit the Court time to review the new materials and issue a final ruling on Mr. James' motion. A ruling on this motion will also permit both parties ample time to inform witnesses, many of whom are coming from off island, of the need for their presence on Monday.

16. Mr. James has executed a waiver of his right to Speedy Trial through June 30, 2017 (see ECF/CM # 75) and thus a continuance to permit the Court time to rule on the motion will comply with the requirements of the Speedy Trial Act. If the Court chooses to continue the trial, a proposed order is attached.

17. In the alternative, Mr. James requests the formal entry of an Order on the Motion to Dismiss so that he may, if necessary, take an immediate appeal.

18. The government has informed the undersigned that it opposes this request.

**WHEREFORE**, the defendant requests that this Court grant a continuance of the trial date to permit consideration of new evidence or, in the alternative, enter an Order on Mr. James' Motion.

February 8, 2017

    Respectfully submitted,

    OMODARE B. JUPITER
    FEDERAL PUBLIC DEFENDER

    */s/ Brendan A. Hurson*
    BRENDAN A. HURSON
    Assistant Federal Public Defender
    1336 Beltjen Rd., Suite 202

```
                              St. Thomas, VI 00802
                              Tel (340)774-4449
                              Fax (340)776-7683
                              E-mail: Brendan_Hurson@fd.org
```

**CERTIFICATE OF SERVICE**

    I, HEREBY CERTIFY that on the 8th day of February, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ronald W. Sharpe
United States Attorney

Amanda R. Vaughn
Justin D. Weitz
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20005
(202) 616-4530 (office)
(202) 714-4232 (cell)
Amanda.vaughn@usdoj.gov
Justin.Weitz@usdoj.gov


                                      */s/ Omodare B. Jupiter*