IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| Plaintiff     ) | |
| ) | |
| v.              ) | Criminal No. 15-42-CVG-RM |
| ) | |
| WAYNE A.G. JAMES,             ) | |
| ) | |
| Defendant.   ) | |
| ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE TRIAL**

After his third attempt to continue trial failed, the defendant filed a motion to dismiss ten days before trial claiming he was immune from prosecution under the Revised Organic Act's speech or debate provision. Dkt. No. 87. The court provisionally denied the defendant's motion at a hearing on February 7, 2017, and allowed the defendant to supplement the record. Dkt. No. 107. The defendant now moves for an additional continuance to allow this Court time to reconsider its prior ruling based on the additional documents he has provided. Dkt. No. 121. The defendant also indicates that he plans to file an interlocutory appeal in this matter. *Id.* As the Government demonstrated in its memorandum filed on February 7, 2017, Dkt. No. 114, the additional Legislature bills and hearings about commemorating the Fireburn that defendant continues to provide—no matter how many—are insufficient to meet his burden of proving immunity applies in this case. Moreover, an interlocutory appeal does not withdraw jurisdiction from the district court where the district court finds, in writing, the underlying motion to be frivolous and dilatory. The defendant's Motion is frivolous and dilatory here. Accordingly, the Court should deny the defendant's motion to continue and issue written findings that the

1

defendant's motion to dismiss is dilatory and frivolous.  This case should proceed to trial on February 13, 2017, as scheduled.

Ordinarily, in criminal cases, the final judgment rule embodied in 28 U.S.C. § 1291, "prohibits appellate review until conviction and imposition of sentence." *Flanagan v. United States*, 465 U.S. 259, 263 (1984).  As the Supreme Court has explained:

> The final judgment rule serves several important interests.  It helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation.  It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals.  It is crucial to the efficient administration of justice.  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. [368], 374[ 1981].  For these reasons, "[this] Court has long held that the policy of Congress embodied in [section 1291] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation. . . ." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982).

*Id.* at 263-64.  "'Adherence to [the] rule of finality has been particularly stringent in criminal prosecutions because the delays and disruptions attendant upon intermediate appeal, which the rule is designed to avoid, are especially inimical to the effective and fair administration of the criminal law.'"  *In re Solomon*, 465 F.3d 114, 122 (3d Cir. 2006) (quoting *Abney v. United States*, 431 U.S. 651, 658 (1977)) (internal quotation marks omitted) (alteration in original); *see also Flanagan*, 465 U.S. at 264-65.

The only, narrow exception to the rule of finality is for claims that qualify as "collateral orders."  "The Supreme Court, on numerous occasions, has emphasized the narrowness of the collateral order doctrine in the criminal context."  *United States v. Williams*, 413 F.3d 347, 354 (3d Cir. 2005); *Flanagan*, 465 U.S. at 265 ("[T]he requirements of the collateral-order exception to the final judgment rule [are interpreted] with the utmost strictness in criminal cases.").  The Supreme Court has identified only four categories of interlocutory orders that defendants can appeal in criminal cases.  These are orders (1) denying Speech or Debate Clause-based immunity

from prosecution, *Helstoski v. Meanor*, 442 U.S. 500, 506-08 (1979); (2) denying Double Jeopardy Clause-based immunity from prosecution, *Abney*, 431 U.S. at 659; (3) compelling medication to restore a defendant to competency, *Sell v. United States*, 539 U.S. 166, 176-77 (2003); and (4) declining to modify bail conditions, *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951).

Normally, an interlocutory appeal divests the district court of jurisdiction. This is not, however, absolute. In the double jeopardy context, the Third Circuit has held "that an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings." *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980). As the Third Circuit noted in *Leppo*, "[a] ritualistic application of the divestiture rule in the *Abney* context conflicts with the public policy favoring rapid adjudication of criminal prosecutions." *Leppo*, 634 F.2d at 104. The court recognized the need for review of colorable claims to be weighed against the concern that a strict divestiture rule "leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process." *Id.* at 105 (quoting *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979), *superseded by statute on other grounds*).

*Leppo*'s reasoning applies with equal force to this case. The public and the government have a strong interest in seeing corruption charges against legislators—representing one of three co-equal branches controlling government—resolved quickly and efficiently. The delay of waiting for the resolution of an interlocutory appeal undermines that interest and, just as a defendant has the ability to raise a double jeopardy claim in the eleventh hour to delay trial, *any legislator* could do the same by invoking the speech or debate clause. But legislative immunity

provides narrow protection for legislative acts, and is not applicable to all actions a legislator takes while in office, or even to all official actions. Without applying the exception to the divestiture rule articulated in *Leppo*, there would be nothing to stop legislators from cloaking themselves in the narrow immunity of the speech or debate privilege to delay trial any time their conduct while in office is questioned.

The defendant's motion exemplifies the risk of not applying the exception in *Leppo* because his motion is both dilatory and frivolous.

**I. The Defendant's Motion is Dilatory.**

The defendant committed his crime over six years ago, and left the Virgin Islands promptly after the end of his term in the Legislature. He returned only after being indicted and extradited five-and-a-half years later.[1] The defendant has steadfastly attempted to avoid a trial in every way possible. His motion to dismiss on speech or debate grounds—the only issue available to the defendant which affords the possibility of interlocutory appeal—is a last-ditch attempt, filed ten days before trial, to stall things further.

Between being extradited from Italy in August 2016 and filing this motion to dismiss, the defendant has filed no motions which challenge the indictment or this prosecution. He has, however, filed *four* motions to continue trial in less than five months. Dkt. Nos. 44, 76, 83, 121. His first and second motions to continue were granted in order to permit counsel to prepare for trial. Dkt. Nos. 44 & 76. His third motion to continue sought the same relief, without any specific articulation of why counsel had been unable to adequately prepare. Dkt. No. 83. It was

---

1   The defendant was aware from at least 2011 that his conduct was being investigated by auditors. He was informed by his niece, Oceana James, that she had been approached by the FBI in relation to this case in December 2014, and was directly approached by the FBI in July 2015.

not until this Court denied the defendant's third motion to continue on February 1, 2017, Dkt. No. 86, less than two weeks before trial, that the defendant filed his first substantive challenge to this prosecution: a motion to dismiss which seeks, above all, to delay the trial.[2] And his fourth motion to continue, based on that motion to dismiss, seeks to accomplish collaterally what the defendant has not been able to do directly with his other motions to continue: avoid facing the charges in this case, returned by a grand jury almost one-and-a-half years ago.

The government has repeatedly asked for a date certain for this trial to ensure the presence of witnesses who are foreign nationals and, as such, not subject to subpoenas. These witnesses are critical to the government's case-in-chief. No doubt the defendant knows this; indeed, he stated in a call he made while detained that one witness, in whose name the defendant submitted a falsified invoice during the commission of his fraud in order to steal money from the Virgin Island taxpayers, was now testifying for the Government. As the Government has pointed out repeatedly, each delay reduces the chances that these witnesses will interrupt their lives and testify at trial. The defendant's endless requests for delay thus materially impact the Government's ability to prosecute its case.

The defendant waited until ten days before trial to file his motion to dismiss. Numerous courts have held that analogous waiting periods constitute dilatory behavior. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (filing motion "only a few days before the scheduled trial date" was dilatory, as it "would enable a criminal defendant to unilaterally obtain a trial continuance at any time prior to trial"); *United States v. Burt*, 619 F.2d 831, 838 (9th Cir. 1980)

---

2   The defendant filed one other substantive motion on February 6, 2017, to suppress a search warrant. Dkt. No. 97. That Motion, which presented no colorable claim, was denied by this Court on February 7, 2017.

(notice of appeal filed six days before trial date); *United States v. Lopez*, 845 F. Supp. 58, 59-60 (D.P.R. 1994) (waiting until two weeks before trial to file is "dilatory"). The defendant's decision to wait until after all other attempts to continue trial were rejected to file his motion evidences its dilatory nature. This Court should not indulge such behavior and should reject his motion to continue.

## II. The Defendant's Motion is Frivolous.

Submitting fraudulent requests for cash to the Legislature, obtaining money, and using that money for personal purposes is not protected by legislative immunity. That is undisputable. *See United States v. Lee*, 775 F.2d 514, 525 (3d Cir. 1985) (finding that, where the defendant submitted a travel reimbursement request which represented he had traveled for legislative fact-finding, if the defendant could not establish the trip involved legislative activity, the case would proceed); *United States v. Rostenkowski*, 59 F.3d 1291, 1303 (D.C. Cir. 1995) (finding prosecution of Congressman for misappropriating congressional funds for personal use did not violate the Speech or Debate Clause); *United States v. Diggs*, 613 F.2d 988, 1002 (D.C. Cir. 1979) (finding no improper intrusion on the legislative process or function in criminal prosecution of a member of Congress for inflating his staff's salaries to fund unauthorized expenses). Such a fraud is not a legislative act and does not involve legislative acts. The mere representation that the money is for a legislative act is insufficient to protect the conduct. *See United States v. Menendez*, 831 F.3d 155, 171 (3d Cir. 2016) ("That Senator Menendez framed those meetings using the language of policy does not entitle them unvaryingly to Speech or Debate protection."); *United States v. Helstoski*, 442 U.S. 477, 490 (1979) ("But it is clear from the language of the Clause that protection extends only to an act that has already been performed. A promise to deliver a speech, to vote, or to solicit other votes at some future date is not 'speech or debate.' Likewise, a *promise* to

6

introduce a bill is not a legislative act." (emphasis in original)). And, as emphasized in all of the Government's prior pleadings, arranging payment for services is not a legislative act. *See United States v. McDade*, 28 F.3d 283, 299 (3d Cir. 1994) (finding that although travel to and from a location where legislative acts are performed is a "precondition for the performance of these acts," they are "not an integral part of Congress's deliberative and communicative processes"); *United States ex rel. Hollander*, 420 F. Supp. 853, 856 (D.D.C. 1976) (rejecting the claim that the act of being paid for travel between Washington, D.C., and a Congressman's home district was protected because "of the pay function's dubious connection with the deliberative and communicative processes that make up protected legislative activities").

The defendant has now taken three tries at proving that submitting fraudulent requests somehow involves legislative activity. *See* Dkt. Nos. 87, 108, & 120. The most he has been able to produce are the very fraudulent representations he is charged with, *see* Dkt. Nos. 87-3, 87-6; and bills and committee hearings about holding a commemorative day for Fireburn and a Centennial Celebration, *see* Dkt. Nos. 87-1, 87-2, 87-7, 108, 120. Finding a bill that relates to the same topic to claim legislative immunity of his fraudulent requests is exactly what the Supreme Court warned against in *Brewster*. *United States v. Brewster*, 408 U.S. 501, 516 (1972) ("Given such a sweeping reading, we have no doubt that there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process."). The defendant also offers up his senior advisor's post hoc description of what he *intended* to do, not what he *did* do. In fact, she explained that she had no role in dealing with the third parties the defendant claimed to be paying with Legislature funds.

This case does not provide a close factual question as to whether the defendant's fraudulent requests involved legislative acts. The evidence and law is clear that they do not. The defendant's motion is frivolous and merely an attempt to delay this trial.

Respectfully submitted,

Ronald W. Sharpe
United States Attorney

Raymond Hulser
Chief, Public Integrity Section

Dated: February 9, 2017          By:     /s/ *Amanda R. Vaughn*
                                         Justin D. Weitz
                                         Amanda R. Vaughn
                                         Trial Attorneys

                                         Delia Smith
                                         Assistant United States Attorney

## Certificate of Service

**I HEREBY CERTIFY** that on this 9th day of February, 2017, I electronically filed the foregoing **United States' Opposition to Defendant's Motion to Continue Trial** with the Clerk of the District Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Omodare B. Jupiter
Federal Public Defender
Brendan Hurson
Assistant Federal Public Defender
1115 Strand Street
St. Croix, VI 00820
**Attorneys for Defendant Wayne A.G. James**

                                                By:    /s/Amanda R. Vaughn
                                                          Justin D. Weitz
                                                          Trial Attorney
                                                          Department of Justice
                                                          Public Integrity Section
                                                          1400 New York Ave NW
                                                          Washington, DC 20005
                                                          Phone – 202.514.1412
                                                          Justin.weitz@usdoj.gov