**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN**
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| | )   NO. 15-CR-42 |
| WAYNE A.G. JAMES | ) |
| | ) |
| Defendant. | ) |

**RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION TO CONTINUE OR,
IN THE ALTERNATIVE, TO ENTER AN ORDER ON MOTION TO DISMISS**

Now comes the defendant, Wayne James, by and through his counsel, and hereby responds to the government's opposition to his Motion to Continue or, in the Alternative, to Enter an Order on Motion to Dismiss:

Mr. James' requests a continuance to permit the parties the opportunity to prepare for the inevitable pause that will result from the Court's ruling on Mr. James' Motion to Dismiss.  If the Court grants the Motion to Dismiss, the case is obviously closed there will be no trial.  If the Court denies the Motion to Dismiss, Mr. James will file an immediate interlocutory appeal.  "The filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

–1–

of the case involved in the appeal." <u>Griggs v. Provident Consumer</u> <u>Disc. Co.</u>, 459 U.S. 56, 58 (1982) (per curiam).  Since the case cannot proceed to trial under either scenario, the undersigned seek to ensure no further inconvenience to either party by requesting a short continuance to permit the Court to mull the parties supplemental arguments or, in the alternative, to issue a ruling on the Motion to Dismiss.

The government opposes the instant motion, largely (if not exclusively) on the ground that an appeal of the Court's Order denying Mr. James' Speech or Debate Immunity issue is "frivolous and dilatory."  Government Opposition, 1.  Putting aside whether an argument resting on the merits of an appeal is properly before this court, Mr. James – and countless authorities including the Court of Appeals for the Third Circuit – disagree.  An appeal from a motion based on speech or debate immunity is unquestionably appealable prior to a final judgement and the government concedes this point repeatedly in its opposition.  Further, Mr. James' motion is not frivolous or dilatory, as evidenced by the government's multiple responses to the Motion to Dismiss and the hours-long hearing the Court recently held on the subject.

Far from a stall tactic, Mr. James is simply exercising a well-established right to appellate review of legislative immunity before being subjected to a trial.  It is the same type of interlocutory appeal that supervisors in the Department of Justice's Public Corruption unit have not opposed in other cases in which the government similarly argued that immunity is inapplicable.  **Indeed, the government cites to no cases in this or any other circuit where a district court has maintained jurisdiction over a case after the filing of an interlocutory appeal based on legislative immunity.**  There is no basis to make Mr. James' the test case for overturning decades of well-established law; jurisdiction should divest if Mr. James seeks an appeal and a continuance is in order.

**1. The Government Concedes that this Court Loses Jurisdiction Upon Timely Notice of an Interlocutory Appeal on an Issue of Legislative Immunity.**

As noted, "[t]he filing of a notice of appeal. . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>Griggs</u>, 459 U.S. at 58.  And the government concedes as

—3—

much by correctly summarizing the mountain of caselaw reflecting
that an interlocutory appeal on a question of legislative immunity
is immediately appealable.  Government Opposition, 1-2.  Thus, the
government concedes that it is the well-established rule that if
the Court denies a motion seeking immunity and the defendant
appeals, a district court cannot proceed to trial since it will no
longer have jurisdiction over the matter while it remains on
appeal.  Id. at 2 ("The Supreme Court has identified only four
categories of interlocutory orders that defendants can appeal in
criminal cases [including] . . . . orders denying Speech or Debate
Clause-based immunity . . . .")(quoting Flangan v. United States,
465 U.S. 259, 265 (1984)); 3 ("Normally, an interlocutory appeal
divests the district court of jurisdiction.").  A continuance is
in order considering the concession that jurisdiction will divest
upon appeal.

###   2. The Few Exceptions to the Rule of Divestment do Not Apply Here.

Contrary to the government's claim, the few distinct and rare
circumstances in which a district court may continue to exercise
authority over a case after the filing of a notice of appeal to a

motion challenging speech or debate immunity do not apply here.

### a. Mr. James' Motion is Not Frivolous.

First, the district court may only proceed to trial "if the district court has found the motion to be frivolous and supported its conclusions by written findings." United States v. Leppo, 634 F.2d 101, 105 (3d Cir. 1980). A motion is considered frivolous "if the petitioner can make no rational argument in law or fact to support his claim for relief." Story v. Morgan, 786 F. Supp. 523, 524 (W.D. Pa. 1992). Webster's Dictionary contains a similar definition of frivolous. See Webster's On-line Dictionary (available at https://www.merriam-webster.com/dictionary/frivolous) (last visited February 9, 2017) (defining frivolous as "having no sound basis (as in fact or law"). By these definitions, Mr. James' motion does not qualify as "frivolous."

Mr. James raised a legitimate challenge to the government's prosecution by alleging that the indictment must be dismissed for violations of speech or debate immunity. See ECF/CM # 87. The motion was twenty-six (26) pages in length, with numerous attachments. Mr. James' motion cited a statute directly on point,

and rested on binding caselaw including a Third Circuit case involving a similar prosecution of a former Virgin Islands legislator. See Gov't of Virgin Islands v. Lee, 775 F.2d 514, 519 (3d Cir. 1985).

The government responded with a lengthy argument of its own (27 pages and over 27 exhibits), raising several challenges to the motion and arguing that speech or debate immunity should not apply to Mr. James. See ECF/CM # 103. The Court held a contested hearing on the matter that lasted several hours, with both sides seizing the opportunity to file post-hearing supplements in support of their respective positons. See ECF/CM #'s 108, 119 (Mr. James) and 114 (government).

While the government may not agree with the arguments raised in the motion, and offered substantial opposition in writing and at the hearing, it cannot be said that each side failed to posit rational arguments based in law and fact. The government has alleged illegal acts on the part of Mr. James for behavior undertaken during his tenure as a senator. Indictment, 1 ("While a senator, [Mr. James] proposed using Legislature funds to obtain historical documents related to the Fireburn from the Danish

National Archives . . . .").   Mr. James' responds by correctly
noting that legislators "enjoy immunity for actions taken in the
regular course of the legislative process." Lee, 775 F.2d at 519,
and arguing that many of the allegations buttressing the indictment
were taken in the regular course of the legislative process.  While
the government disagrees, it cannot be said with integrity that
Mr. James' arguments lack a basis in law or fact.

Indeed, other legislators charged with similar crimes have
raised speech or debate immunity in situations where the
application   of   such   immunity   was   arguably   less
colorable.  See United States v. Menendez, 831 F.3d 155 (3d Cir.
2016) (raising speech or debate immunity in a case where a sitting
U.S. senator allegedly failed to disclose reportable gifts he
received from a physician in an alleged bribery scheme); United
States v. Renzi, 651 F.3d 1012 (9th Cir. 2011) (raising speech or
debate immunity in case where a former member of Congress was
charged with conspiracy to commit extortion and wire fraud, honest
services wire fraud, conspiracy to commit money laundering, and
Hobbs Act extortion under color of official right.).  Despite the
fact that interlocutory appeals were taken in both of these

matters, the government – in both cases represented by supervisors in the Public Corruption Unit - never raised a claim that defense counsel's allegations of violations of speech or debate immunity was frivolous.  Mr. James' motion is likewise colorable, far from "dilatory," and meritorious.  Indeed, the application of speech and debate immunity is so well-settled that failure to raise the issue in Mr. James' case may have constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 669 (1984).

The cases to which the government cites for its argument that Mr. James' claim is frivolous are wholly inapplicable.  For example, in United States v. Leppo, 634 F. 2d 101, 105 (3d Cir. 1980), on which the government principally relies, presented a case where a defendant raised an appeal on "double jeopardy" grounds to prevent a re-trial.  The defendant's first trial had ended in a mistrial after an agent made improper statements while testifying.  Id.  The mistrial was granted even though those statements were well-known to the defendant after having been uttered at a suppression hearing without objection just days before the trial.  Id. at 103. After a re-trial was scheduled, the

defendant waited months before claiming that the new trial would violate the double-jeopardy clause because the testimony elicited at the first trial constituted "prosecutorial misconduct." Id. The Court deemed that assertion frivolous in large part because "in its view [the agent's] comment . . . was inadvertent and not the result of bad faith, reckless, or grossly negligent conduct." Id. The Circuit Court concurred, noting that "[t]rial counsel cannot sit back in a suppression hearing and allow damaging testimony against a defendant to be elicited without objection, and then impugn bad faith motives to the government for introducing the same testimony a few days later at trial." Id. Thus, it permitted trial to continue simultaneous to an appeal because it "cannot find prosecutorial misconduct when defense counsel elects not to challenge testimony at a suppression hearing and then attempts to build a double jeopardy case by obtaining a mistrial because the same testimony is introduced into evidence." Id. Mr. James' case is wholly dissimilar.

As noted, Mr. James' raised a valid immunity issue in a well-supported memorandum. The government responded in kind. The issue was handled at an omnibus hearing scheduled before trial.

—9—

Unlike <u>Leppo</u>, the issue was never "waived" or ignored by counsel.[1] As such, there can be no "written findings" that the Motion is "frivolous" and this Court cannot retain jurisdiction on that ground after appeal is properly noticed.

### b. A Denial of the Motion to Dismiss is Appealable.

Second, the Court may retain jurisdiction if the notice of appeal relates to a non-appealable order or judgment. <u>Mondrow v. Fountain House</u>, 867 F.2d 798, 800 (3d Cir. 1989) ("Unlike a timely notice of appeal, a premature notice of appeal does not divest the district court of jurisdiction."). This argument also fails.

In <u>Helstoski v. Meanor</u>, 442 U.S. 500, 288 (1979), the Supreme Court held an order refusing to dismiss an indictment pursuant to a motion challenging speech or debate immunity is immediately appealable.  Indeed, dozens of reported opinions on speech or debate immunity, including <u>United States v. McDade</u>, a case on which

---

[1] It would perhaps be a different scenario had counsel waited until trial to object to witness testimony on immunity grounds, and then sought an immediate appeal.  This, of course, did not occur. Further, to the extent the government now claims the motion was untimely, Government Opposition, 5, it never raised that claim before the Court and noted unequivocally at the omnibus hearing that it was ready to proceed on both motions.  It clearly had ample time to prepare a response, in fact it filed two, and cannot now claim that the filing of Mr. James' motion was untimely as any objection on that ground has been waived.

the government principally relied at the hearing, flatly acknowledge that "[u]nder . . . precedent, [an appellate court has] jurisdiction to entertain [a] defendant's claim that the Speech or Debate Clause requires dismissal of the entire indictment or particular charges contained in the indictment." 28 F.3d 283, 288 (3d Cir. 1994). This Court's Order on this identical issue is immediately appealable.

Ironically, many of the cases cited by the government for the proposition that Mr. James' immunity claim is frivolous involved interlocutory appeals. Government Response, 6 (United States v. Rostenkowski, 59 F.3d 1291, 1294 (D.C. Cir.), opinion supplemented on denial of reh'g, 68 F.3d 489 (D.C. Cir. 1995) (interlocutory appeal of two district court orders regarding immunity); Menendez, 831 F. 3d at 171 (defendant filed interlocutory appeal); United States v. Helstoski, 576 F.2d 511, 513 (3d Cir. 1978) (both government and defendant filed interlocutory appeals); McDade, 28 F.3d at 286(interlocutory appeal); United States v. Brewster, 408 U.S. 501, 502(1972)(government appeal after dismissal); Lee, 775 F. 2d at 514 (government appeal after dismissal)).

The government provides this Court with no case in which a

–11–

district or appellate court has permitted a trial to proceed
simultaneous with an appeal when the defendant raises speech or
debate immunity.  Instead, it attempts to re-litigate the issue by
repeating its position that speech or debate immunity is
inapplicable to Mr. James.  Government Response, 6-8.  Its position
is duly noted and can be re-asserted, if necessary, on appeal.

### c. Any Appeal is Not Taken in Bad Faith and Will Not Result in Unwarranted Delay.

Finally, this Court can also retain jurisdiction in the rare
circumstance where an appeal is taken in bad faith and would result
in unwarranted delay.  See United States v. Wilkes, 368 F. Supp.
2d 366, 367 (M.D. Pa. 2005).  Here, too, the government cannot
prevail.  The government can point to no evidence of "bad faith"
in the filing of the motion, and has made no such claim now.
Though it is clear that an appeal will result in some delay, this
is not unusual in federal litigation and a natural bi-product of
our hierarchical court system that necessarily requires some delay
to settle meritorious debates on appeal.

While it may be true that an appeal may cause some disruption

to both sides,[2] the government's claims that witnesses may be unavailable in the future is wholly speculative,[3] and, even if true, is not a recognized basis to challenge the divestment of jurisdiction as it is a concern in virtually every case where an interlocutory appeal is taken.   The government's opposition is unwarranted.

It is no secret that the undersigned sought several continuances in this case to review voluminous discovery and to permit more time to research and litigate motions, recently seeking a short two (2) month delay.   See 2nd Motion to Continue Jury Trial, 2 (ECF/CM # 83)(requesting a continuance in part because

---

[2] To the extent that the government claims that it is the only party who is inconvenienced by any delay, it is also incorrect.   The undersigned, as well as the lone investigator for the Office of the Federal Public Defender, have worked diligently to prepare for trial, often at night and over the weekend and frequently shuttling between islands by plane.   To the extent that delay will require additional preparation in the future and perhaps some duplication of work, any delay is a "double-edged sword" that will equally strike both parties.

[3] In prior pleadings the government represented that it has two (2) foreign witnesses it intends to call at trial.   Based on discovery, both have been in constant contact with the government. In fact, discovery reflects that government counsel travelled to Denmark to interview these witnesses.   If the "disappearance" of these witnesses was of real concern, the government could have petitioned for relief under Fed. R. Crim P. 15 (depositions of foreign witnesses).   That it did not betrays its claim of possible flight as specious.

"there are meritorious motions to be filed in the matter that still require intensive legal and factual research, including at least one substantive motion to dismiss and motions to suppress evidence.")   But it is also well known that the government loudly opposed those requests, exclaiming in its last filing that "[e]nough is enough" and demanding that the Court proceed to trial on what it deemed to be a "straightforward, simple fraud case." See Opposition to Motion to Continue, 2-4 (ECF/CM # 84). Thus, to the extent the government is annoyed by the inconvenience of an immediate appeal as of right, this perhaps could have been remedied by acquiescence to a short delay. Further, accepting its claim that the case is "simple" and "straightforward," the government is hard-pressed to explain how a short delay to settle a discrete issue on appeal would cause any hardship to a case it claims it can easily prove.[4]

---

[4] The cases cited for the claim that the alleged delay in filing the motion to dismiss are inapposite as they cite egregious examples of unwarranted delay coupled with wholly frivolous claims for relief under the double-jeopardy clause.   Government Response, 5-6.   In one of the cases cited, an interlocutory appeal *was* countenanced despite the last-minute filing of an appeal.   See United States v. Burt, 619 F.2d 831, 833 (9th Cir. 1980).   In U.S. v. Dunbar, the divesture of a district court's jurisdiction on interlocutory appeal denied but only after a finding that the "defendant made no effort to halt the trial by obtaining a stay or

—14—

In sum, the right to an interlocutory appeal to the denial of a motion resting on speech or debate immunity is uncontroverted and essentially black-letter law. None of the narrow exceptions to the rule that jurisdiction will immediately transfer to the appellate court upon the filing of a notice of appeal applies here. Thus, whether the Court grants or denies the Motion to Dismiss, the case will not proceed to trial next week and a continuance is in order.

**WHEREFORE**, the defendant requests that this Court grant a continuance of the trial date to permit consideration of new evidence or, in the alternative, enter an Order on Mr. James' Motion.

February 9, 2017

Respectfully submitted,

OMODARE B. JUPITER
FEDERAL PUBLIC DEFENDER

---

issuance of a writ" and the recognition that he sought to raise a wholly frivolous double-jeopardy claim. Similarly, in U.S. v. Lopez, the defendants' first trial ended in a mistrial and they failed to raise any claim that the second one was barred by double-jeopardy until just days before the start of the case. 845 F. Supp. 58, 60 (D.P.R. 1994). Recognizing that the defendants' offered no argument in the Circuit Court that a stay was warranted, and noting that the law was well-settled that absent extraordinary circumstances, double-jeopardy did not bar retrial, the Court permitted the case to go to trial. Id. Mr. James' case does not present these circumstances.

/s/ Brendan A. Hurson
BRENDAN A. HURSON
Assistant Federal Public Defender
1336 Beltjen Rd., Suite 202
St. Thomas, VI 00802
Tel (340)774-4449
Fax (340)776-7683
E-mail: Brendan_Hurson@fd.org

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on the 9th day of February, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Ronald W. Sharpe
United States Attorney

Amanda R. Vaughn
Justin D. Weitz
Trial Attorneys
Public Integrity Section
U.S. Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, D.C. 20005
(202) 616-4530 (office)
(202) 714-4232 (cell)
Amanda.vaughn@usdoj.gov
Justin.Weitz@usdoj.gov

/s/ Brendan A. Hurson