## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2015-42 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WAYNE A.G. JAMES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, VI
**Amanda Vaughn**
**Luke Cass**
Trial Attorneys
United States Department of Justice
Criminal Division
Public Integrity Section
Washington, DC
        *For the United States of America,*

**Omodare B. Jupiter, Federal Public Defender**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, VI
        *For Wayne A.G. James.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Wayne James ("James") for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. In the alternative, James moves for reconsideration of his motion for mistrial.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2015, a Grand Jury returned an indictment charging Wayne James ("James") with two counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of federal program embezzlement in violation of 18 U.S.C. § 666(a)(1)(A).

On August 13, 2018, the matter proceeded to a jury trial. Deliberations began the morning of August 15, 2018. At approximately 3:00 pm on the same day, the jury announced that it had reached a verdict. The jury was then returned to the courtroom. Thereafter, the foreperson read the jury's verdict of guilty as to each count in the indictment. James then requested that the jury be polled. The courtroom deputy asked each juror whether the verdict read was their independent verdict. The jurors in seats 1-7 responded "Yes, it is." August 15, 2018, Jury Trial Tr. 20:10-21:3, ECF No. 260.

With respect to the juror in seat 8, the following exchange occurred:

> THE CLERK: Seat 8, is this your independent verdict?
> SEAT NUMBER 8: [No response.]
> THE CLERK: Seat 8, is this your independent verdict?
> SEAT NUMBER 8: [Mumbled.]
> THE CLERK: Seat 9, is this your independent verdict.
> THE COURT: Hold on. Wait. Repeat the question to seat 8.
> THE CLERK: Seat 8, is this your independent verdict?
> SEAT NUMBER 8: Yes, I do.

Id. 21:7-16. After the remainder of the jury was polled, the

Court sought to clarify the record as to the response of the

juror in seat 8:

> THE COURT: All right. Thank you, Ms. Brann. Just so the
> record is clear, I have a question of a few jurors. This
> question is a yes or no question. You just need to answer
> yes or no. Juror in seat 8, is this your independent
> verdict, yes or no. Stand up.
> SEAT NUMBER 8: Sorry?
> THE COURT: So, is this your independent verdict, yes or
> no. You can stand up.
> SEAT NUMBER 8: [No response.]
> THE COURT: My question is a yes or no question. Is this
> your independent verdict, yes or no.
> SEAT NUMBER 8: Yes.

Id. 22:6-18. At that time, James moved both for a mistrial and

for the Court to ascertain whether the juror in seat 8

understood English.

James noted that it appeared that the juror in seat 8 may

have turned to the other jurors to seek guidance when questioned

as to whether the verdict read was her independent verdict. In

light of the developments involving the juror in seat 8, the

Court undertook an *in camera voir dire* of that juror. Counsel

for both parties were present. The juror gave several answers

during that inquiry that led the Court to conclude that she

lacked sufficient proficiency in English to serve as a juror.

At the conclusion of the examination, James renewed his

motion for a mistrial. The Court denied the motion. Rather than

discharge or excuse the jury, the Court excused the juror in

seat 8. The Court then seated the first alternate. James

objected to the seating of an alternate. The Court then

instructed the newly constituted jury to begin its deliberations

anew:

> THE COURT: The deliberation that you undertook, I need
> you to restart that process as you are newly constituted.
> You may notice that there is at least one new member to
> your group of 12. I need you to restart your
> deliberations with respect to the matters before you in
> this case. So, when I say restart it is as if it hadn't
> happened yet, just so the record is very clear. Whatever
> you undertook or feel you need to undertake to assess,
> and make, and return a verdict here, you need to do that
> as though you're starting from scratch, all right?
> Remember there is no rush to reach a verdict. Your
> verdict must be considered and deliberate. Additionally,
> the new juror to your group should feel as though he is
> beginning anew, not sort of interposing or becoming
> someone who is interrupting an ongoing process. All the
> previous instructions I gave to you apply with equal
> force and effect now, all right? So, none of the
> deliberations that took place before are appropriate to
> be considered now. You need to start anew with your newly
> constituted group, all right? With that, return to the
> jury deliberation room where you can begin your
> deliberations anew, all right? Thank you.

August 15, 2018, Jury Trial Tr. 55:15-56:15, ECF No. 260.

After approximately one hour of deliberations, the newly

constituted jury indicated that it had reached a verdict. The

jury announced its verdict, which found James guilty of all

three counts of the indictment. James requested that the Court

poll the jury. Each juror indicated that the verdict read was

his or her independent verdict.

On August 29, 2018, James filed a motion for a new trial,
or in the alternative, for the Court to reconsider his motion
for a mistrial.

## II.  DISCUSSION

Under Federal Rule of Criminal Procedure 33, the Court may
"vacate any judgment and grant a grant a new trial if the
interest of justice so requires." Fed. R. Crim. P. 33(a). If the
Court determines that there has been a miscarriage of justice,
the court may order a new trial. *United States v. Bevans,* 728 F.
Supp. 340, 343 (E.D.Pa.1990), *aff'd,* 914 F.2d 244 (3d Cir.1990).
"The burden is on the defendant to show that a new trial ought
to be granted. Any error of sufficient magnitude to require
reversal on appeal is an adequate ground for granting a new
trial." *United States v. Clovis,* No. CRIM. 94-11, 1996 WL
165011, at *2 (D.V.I. Feb. 12, 1996), *aff'd*, 106 F.3d 387 (3d
Cir. 1996).

## III. ANALYSIS

In his motion for a new trial, James argues that Federal
Rule of Criminal Procedure 31 ("Rule 31") does not permit the
Court to replace a juror with an alternate after polling has
occurred. James also argues that the excused juror's
participation in deliberations irreparably tainted the jury such
that the newly constituted jury with the alternate could not

deliberate impartially. The Court will address each argument in

turn.

Federal Rule of Criminal Procedure 24 ("Rule 24") permits

the Court to replace jurors with alternates when such jurors are

unable to perform or are disqualified from performing their

duties. Rule 24 in pertinent part provides

> (1)  In General. The court may impanel up to 6 alternate
>      jurors to replace any jurors who are unable to perform
>      or who are disqualified from performing their duties.
>
> . . .
>
> (3)  Retaining Alternate Jurors. The court may retain
>      alternate jurors after the jury retires to deliberate.
>      The court must ensure that a retained alternate does
>      not discuss the case with anyone until that alternate
>      replaces a juror or is discharged. If an alternate
>      replaces a juror after deliberations have begun, the
>      court must instruct the jury to begin its
>      deliberations anew.

Fed. R. Crim. P. 24(c). Indeed, "the trial judge, in his sound

discretion, may remove a juror and replace him with an alternate

juror whenever facts are presented which convince the trial

judge that the juror's ability to perform his duty as a juror is

impaired." *United States v. Cameron*, 464 F.2d 333, 335 (3d Cir.

1972).

The requirements for jury service include, in relevant

part, that a prospective juror be able to read, write, speak,

and understand the English language and fill out the juror

qualification form. 28 U.S.C. § 1865(b)(2), (b)(3). A juror's

inability to communicate in English is a legally valid basis for dismissal. *See United States v. Pineda*, 743 F.3d 213, 217 (7th Cir. 2014) (finding "a legitimate basis for removing a juror" where the juror "did not possess the requisite English language proficiency to serve").

Here, the juror in seat 8 gave several responses to the Court's inquiries that raised substantial doubt as to her English language proficiency. When initially questioned on whether the verdict read was her independent verdict, the juror in seat 8 did not respond. After being questioned a third time, she gave the peculiar response "[y]es, I do." August 15, 2018, Jury Trial Tr. 21:16, ECF No. 260. Additionally, while being polled, the Court observed the juror turn to another juror for guidance. When questioned in chambers in the presence of counsel, the juror gave several confusing responses. For example, when the Court asked her for her juror number, she responded with her name:

> THE COURT: Tell us your juror number, please.
> JUROR NUMBER 8: Lucia [remainder of name redacted].

August 15, 2018, Jury Trial Tr. 38:1-2, ECF No. 260. Additionally, she gave the following answer when the Court asked if she understood English:

> THE COURT: Okay. Do you understand English?
> JUROR NUMBER 8: Yes, I do. Okay, I cannot watch too much English for I know I understand everything.

Id. 38:22-25. Considering the entirety of the conduct of the juror in seat 8 during jury polling and her responses to the Court's inquiries, the Court concluded that the juror in seat 8 did not have sufficient English language proficiency to serve as a juror.

Where, as here, an unqualified juror is replaced with an alternate, Rule 24 requires the court to instruct the jury to begin its deliberations anew. *See* Fed. R. Crim. P. 24(c)(3). That is precisely what happened.

James asserts that because the jury was polled, the Court thereafter lost the option to replace the disqualified juror with an alternate. That position is without legal support.

There are three options that a court may exercise after 12 deliberating jurors fail to reach a unanimous verdict. First, the Court may replace an excused juror. *See generally* Fed. R. Crim. P. 24. It is certainly also the case that after the Court conducts a poll that "reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Fed. R. Crim. P. 31(d).

Finally, "the court may permit a jury of 11 persons to return a verdict, even without a stipulation by the parties, if the court finds good cause to excuse a juror." Fed. R. Crim. P. 23(b)(3). The availability of any one of these options does not

preclude the exercise of another of those permissive options.

Indeed, in *United States v. Stinn*, 379 Fed. Appx. 19 (3d Cir.

2010), a juror dissented to the announced verdict during the

polling of the jury. *Stinn*, 379 Fed. Appx. at 21. Subsequently,

the district court ordered the jury to deliberate further. *Id.*

The district court then removed the dissenting juror after she

refused to deliberate further and attempted to "secure outside

advice on the meaning of concepts fundamental to the case." *Id*.

> The Third Circuit affirmed, explaining that
>
> the district judge reasonably concluded that Juror 10's
> extremely serious misconduct warranted her dismissal.
> There is no evidence that Juror 10 was removed due to
> her holdout status.

*Id.* at 22. Following the removal of the dissenting juror, the

district court added the first alternate to the jury with

Stinn's consent. *Id.* at 21. Significantly, the Third Circuit

noted that "the substitution of an alternate juror was certainly

not more coercive than proceeding with the 11 jurors who had

already voted to convict." *Id*. at 22. Clearly, in that case, the

Third Circuit recognized that the trial judge *could* have

proceeded with 11 jurors as outlined in Fed. R. Crim. P.

23(b)(3). At the same time, the Third Circuit also recognized

that there was no error where the trial judge elected to proceed

under Rule 24 and replaced the excused juror with an alternate.

Here, as in *Stinn*, the juror in seat 8 was removed after the jury was polled. The fact that the Court was permitted to consider declaring a mistrial under those circumstances pursuant to Federal Rule of Criminal Procedure 31 does not make that outcome the exclusive remedy. Indeed, the availability of the remedy outlined in Rule 24--replacing a juror with an alternate--is not precluded because it coexists with other available remedies. *Cf. Id.*

Finally, James asserts that the juror in seat 8 irreparably tainted the deliberations of the newly constituted jury. That argument is factually and legally deficient.

"The law presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *United States v. Hernandez*, 176 F.3d 719, 734 (3d Cir. 1999) (quoting *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985)). There is no evidence that the newly constituted jury did not follow the Court's instruction to begin deliberations anew. At best, James suggests that an infectious bias permeated the jury. Such a conclusory *suggestion*, however, does not rise to the level of *evidence* of bias that overcomes the jury's duty to follow the court's instructions. *Cf. United States v.*

*Acevedo*, 141 F.3d 1421, 1422-23, 1426-27 (11th Cir. 1998)

(finding, in the absence of any evidence suggesting the jury did

not follow instructions, that the court's instruction to the

twelve original jurors to begin deliberations anew was

sufficient to cure any prejudice arising from the fact that two

alternates had participated in the initial deliberations

resulting in an announcement that the jury had reached a

verdict).

    The premised considered, it is hereby

    **ORDERED** that James's motion for a new trial is **DENIED**.


                  S_____
                     **Curtis V. Gómez**
                     **District Judge**