# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cr-0042 |
| WAYNE A. G. JAMES, | ) |
| Defendant. | ) |

## ORDER

**BEFORE THE COURT** is Defendant Wayne A.G. James's ("James") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 307). The Government opposed the motion. (ECF No. 311). For the following reasons, the motion will be denied.

## I. BACKGROUND

On October 1, 2015, an indictment charged James with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One and Two), and federal program embezzlement, in violation of 18 U.S.C. § 666(a)(1)(A) (Count Three). James proceeded to trial and the jury convicted him on all three counts. He was sentenced to 30 months imprisonment followed by three years of supervised release. The Third Circuit Court of Appeals affirmed James's conviction and sentence. *United States v. James*, 955 F.3d 336 (3d Circ. 2020). The U.S. Supreme Court denied his petition for writ of certiorari. *James v. United States*, 141 S. Ct. 329 (2020). Thereafter, James filed the instant motion claiming: (1) a violation of his Sixth Amendment right to a fair trial; (2) ineffective assistance of counsel; and (3) a violation of his Fifth Amendment Due Process right. The Government argues that the motion is moot because James is no longer in custody having served his sentence and there is no relief that can be granted, and his claims are meritless.

## II. LEGAL STANDARD

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a). "The Supreme Court has distilled a three-part test for deciding what constitutes custody: the restraints on the petitioner must be (1) severe, (2) immediate (*i.e.,* not speculative), and (3) not shared by the public generally. *United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015) (citing *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.,* 411 U.S. 345, 351–53 (1973)). A person who is no longer in custody "may obtain judicial review of a petition by showing that he continues to suffer from secondary or collateral consequences of his conviction." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020); *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) ("Where . . . the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). "Collateral consequences, that is, 'those consequences with negligible effects on a petitioner's physical liberty of movement,' by definition do not severely restrain individual liberty." *Bonser v. Dist. Att'y Monroe Cnty.*, 659 F. App'x 126, 128 (3d Cir. 2016) (quoting *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008)).

### III. DISCUSSION

James was released from custody of the Federal Bureau of Prisons on June 19, 2020, and completed his term of supervised release on June 18, 2023. (ECF No. 311-2). The Court cannot grant any relief as James has served his entire sentence. James did not assert, let alone demonstrate any collateral consequences caused by his expired sentence. *United States v. Banks*, 612 F. App'x 643, 644 (3d Cir. 2015) (there is no effective relief that the court could grant since the entire sentence has expired and there is no claim of collateral consequences). The Court finds that James's claims are moot. Accordingly, it is hereby

**ORDERED** that James's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 307, is **DENIED** as moot; it is further

**ORDERED** that the Clerk of Court shall send a copy of this order via certified mail to James's last known address; and it is further

**ORDERED** that the Clerk of Court shall close the case *James v. United States*, 3:22-cv-0038.

**Dated:** March 19, 2024  /s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**CHIEF JUDGE**