**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cr-0042** |
| | ) | |
| **WAYNE A.G. JAMES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

**BEFORE THE COURT** is Defendant Wayne A.G. James's Motion to Reconsider, docketed April 5, 2024. (Dkt. No. 316). The United States of America (the "Government") filed an opposition to the motion, *see* Dkt. No. 319, and Defendant filed a Response Memorandum of Law in Support of Motion to Reconsider (Dkt. No. 320). This matter is ripe for adjudication.

Defendant brings his motion under Rule 59 of the Federal Rules of Civil Procedure and/or the Court's Local Rules of Civil Procedure Rule 7.3. Local Rule 7.3 provides: "A party may file a motion asking the Court to reconsider its order or decision . . . based on . . . the need to correct a clear error or prevent manifest injustice." LRCi 7.3(a)(3). Defendant argues that the Court's Order (Dkt. No. 312), entered March 19, 2024, denying his Section 2255 motion to vacate as moot, "contains a manifest error of law, in that it fails to apply the distinction between post-conviction motions that challenge only the sentence the defendant is serving, and post-conviction motions that challenge the conviction itself." Memorandum of Law in Support of Motion to Reconsider (Mem.) (Dkt. No. 317) at 5-6. According to Defendant, his motion is not moot because he challenges his underlying conviction, not his sentence; therefore, he is entitled to the presumption of continuing collateral consequences and need not prove the collateral consequences. *Id*. (citing "Harmon v. United States, 2021 WL 1168866, *8 (D. Del. 2021) quoting Spencer v. Kemna, 521 U.S. 1, 8 (1998) [sic]."[1]

[1] The citations are reproduced here as they appear in Defendant's memorandum, hence the quotation marks and *sic* notation. The cases cited by Defendant are miscited, but they do support the proposition stated. The correct citation for the Delaware case is *Singletary v. United States*, Crim. Act. No. 13-74-CFC-03; 13-74-CFC-04;

The Government contends that the Court did not clearly err in finding Defendant's motion moot and that the cases on which Defendant relies for presumption of collateral consequences do not apply to him because he is no longer serving a term of supervised release. The Government bases its position upon *Burkey v. Marberry*, 556 F.3d 142 (3d Cir. 2009), asserting that the precedent in this circuit is: "when the petitioner 'is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.'" Dkt. No. 319 at 2 (quoting *Burkey*, 556 F.3d at 148). However, the *Burkey* court was explaining its holding in *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008).[2] In *Jackson*, the appellant remained on supervised release and was challenging that supervised release. In *Burkey*, the appellant was on supervised release and was challenging his term of imprisonment, that already had been served. Neither of those cases is analogous to the circumstances presented in this matter.

In his reply, Defendant maintains that, because he is challenging his conviction and not his sentence, he is entitled to the presumption of continuing collateral consequences. He

---

Civ. Act. No. 17-1651-CFC; 17-1652-CFC, 2021 U.S. $0 $1 LX $3 $4 $5 *23-24, 2021 WL 1168866 (D. Del. Mar. 26, 2021). The Supreme Court case, *Spencer v. Kemna*, bears the proper title, but is reported at 523 U.S. 1 (1998).

[2] The entire narrative is instructive:

> Thus, collateral consequences will be presumed when the defendant is attacking his conviction while still serving the sentence imposed for that conviction, but we also have held that they will be presumed where the defendant is attacking that portion of his sentence that is still being served. *See, e.g., United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008). In *Jackson*, we held that collateral consequences are presumed where the appellant was still serving a term of supervised release and her challenge was to the reasonableness of the supervised release term. *Id*. Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven. *See United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998).
>
> Burkey has served his sentence but remains subject to a 3-year term of supervised release. However, he did not challenge the validity or reasonableness of that term in his habeas corpus petition, as did the appellant in *Jackson*. His challenge was more remote, attacking only what the BOP had done, and urging it as the basis for the sentencing court to now afford him relief against an indisputably valid term of supervised release. In such circumstances, he must demonstrate that collateral consequences exist; they will not be presumed. *Cf. Jackson*, 523 F.3d at 241 (*Cottman* held that collateral consequences will not be presumed when "[a] defendant who is serving a term of supervised release … challenges only his completed sentence of imprisonment").

*Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009)

accuses the Government of ignoring his citation to the Third Circuit case *Leyva v. Williams*. Dkt. 320 at 2. As quoted by Defendant, *Leyva* holds:

> After a petitioner's release from custody, we consider his habeas case moot unless he "can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." DeFoy, 393 F.3d at 441-42, 442 n.3. Significantly, though, we may presume "collateral consequences when a litigant challenges a criminal conviction." United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002) (citing Sibron v. New York, 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)); see also Spencer v. Kemna, 523 U.S. 1, 8, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences . . . .").

*Id*. at 363.[3]

Here, Defendant challenges his felony conviction, not his sentence. Upon review, the Court finds that it has applied an erroneous standard on the issue of collateral consequences to Defendant's Section 2255 motion. As articulated in *Spencer* and *Leyva*, Defendant is entitled to the presumption of collateral consequences. As a result, the Court finds that Defendant's motion to vacate is not moot. Accordingly, it is hereby

**ORDERED** that Defendant Wayne A.G. James's Motion to Reconsider, Dkt. No. 316, is **GRANTED**; it is further

**ORDERED** that the Court's Order, Dkt. No. 312, entered March 19, 2024, is **VACATED**; it is further

---

[3] This holding aligns with the Supreme Court's opinion in *Spencer v. Kemna*, 523 U.S. 1 (1998), where it states:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained. See, *e.g., Carafas, supra*, 391 U.S. 234 at 237-238. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur). See *Sibron* v. *New York*, 392 U.S. 40, 55-56, 20 L. Ed. 2d 917, 88 S. Ct. 1889 (1968).

*Id*. at 7-8.

**ORDERED** that Defendant Wayne A.G. James's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Dkt. No. 307, is **REINSTATED** and restored to the docket in the above-captioned matter; it is further

**ORDERED** that the Clerk of Court **SHALL** re-open the companion case, *James v. United States*, Case No. 3:22-cv-00038; it is further

**ORDERED** that the Clerk of Court **SHALL** send a copy of this Order to Defendant by certified mail, return receipt requested and file a copy of the return receipt on the docket.

**Dated:** October 13, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**CHIEF JUDGE**