**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cr-0042** |
| | ) | |
| **WAYNE A.G. JAMES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ATTORNEYS:**

**ADAM F. SLEEPER, UNITED STATES ATTORNEY**
**NATASHA BAKER, ASSISTANT UNITED STATES ATTORNEY**
OFFICE OF THE UNITED STATES ATTORNEY
ST. THOMAS, U.S. VIRGIN ISLANDS
*FOR THE UNITED STATES OF AMERICA*

**WAYNE A.G. JAMES, *PRO SE***
ATLANTA, GA
*FOR DEFENDANT*

**MEMORANDUM OPINION**

**ROBERT A. MOLLOY, Chief Judge**

**BEFORE THE COURT** is *pro se* Defendant Wayne A.G. James's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 307), docketed June 1, 2022. The United States of America ("United States" or "Government") filed a response in opposition to the motion, *see* Dkt. No. 311, and Defendant filed a reply thereto. *See* Dkt. No. 314. Having reviewed the written submissions of the parties and having previously found that an evidentiary hearing was not warranted, *see* Order (Dkt. No. 326), entered October 14, 2026, and for the reasons stated below, the Court will deny the motion.

**I. BACKGROUND**

Defendant was elected as a senator in the Legislature of the Virgin Islands and served one, two-year term in 2009-2010. During his tenure, Defendant requested and received nearly $90,000.00 in Legislature funds ostensibly to pay for documents from the Danish National Archives as well as other research projects related to Defendant's interest in the 1878 historical event in St. Croix called the Fireburn. Most of the money received by Defendant was converted to Defendant's personal use or for purposes not related to his Fireburn project.

Defendant was indicted on two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of federal program embezzlement, in violation of 18 U.S.C. § 666(a)(1)(A). *See* Indictment (Dkt. No. 1). After a jury trial, held August 13-15, 2018, Defendant was found guilty on all three counts. *See* Jury Verdict (Dkt. No. 254). He was sentenced to 30 months of imprisonment on each of Counts l, 2 and 3, and three years of supervised release, with all terms served concurrently. Judgment (Dkt. No. 277) at 2-3, entered February 12, 2019. Thereafter, Defendant appealed his conviction to the United States Court of Appeals for the Third Circuit. The appellate court affirmed this Court's judgment. *See* Judgment (Dkt. No. 286), entered January 23, 2020; *see also* Mandate (Dkt. No. 287), docketed April 27, 2020; *United States v. James*, 955 F.3d 336 (3d Cir. 2020).

Defendant now brings this collateral attack to challenge his conviction. He bases his motion on three grounds, as stated in the attachment at Dkt. No. 307-2:

**GROUND ONE:**

> The Petitioner's right to a fair trial as guaranteed by the 6th Amendment of the United States Constitution.

> **GROUND TWO:**
>
> The Petitioner's right to effective assistance of Counsel as guaranteed by the 6th Amendment of the United States Constitution; and
>
> **GROUND THREE:**
>
> The Petitioner's right to Due Process of law as guaranteed by the 5th Amendment of the United States Constitution were compromised by the defense Counsel's failure to present a defense on Petitioner's behalf that encompasses the Testimonies and presentation of evidence from witnesses.
>
> Numerous witnesses were available to testify on Petitioner's behalf, but none were called by petitioner's Counsel. Counsel did not call any witnesses that would have had a material impact on demonstrating Petitioner's innocence.

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Motion, Attachment – Additional Pages/Sheets (Attachment) (Dkt. No. 307-2) at 2.

## II. LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). As the *Davis* Court notes, "[H]istory makes clear that § 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974). However, not every asserted error of law can be raised in a § 2255 motion. *Id.* at 346. The remedy is intended only where the "claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice' and [where] '(i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 428 (1962) (internal quotation marks omitted)).

To prevail on a § 2255 motion, a petitioner must show one of the following: 1) the sentence was imposed in violation of the Constitution or the laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, discharge or resentence the petitioner, or grant the petitioner a new trial as appropriate. *Id*. § 2255(b). At the same time, the Court construes a *pro se* petitioner's pleading liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (explaining that the liberal construction accorded a *pro se* litigant's pleadings does not include the rendering of substantive legal advice).

## III. DISCUSSION

### A. Ground One: Sixth Amendment Right to a Fair Trial

The Sixth Amendment of the United States Constitution guarantees the right to a fair trial before an impartial jury. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const.. amend. VI. However, nowhere in Defendant's motion does he articulate how his right to a fair trial before an impartial jury was violated.

If the list of potential witnesses Defendant claims were available but not called by his defense counsel is provided as support for this claim, beyond listing names and the person's purported testimony, Defendant does not identify how the absence of the proposed witnesses and testimony prevented Defendant from receiving a fair trial. The failure to call

witnesses on Defendant's behalf is fully addressed in the following section regarding Defendant's claim of ineffective assistance of counsel.

**B. Ground Two: Sixth Amendment Right to Effective Assistance of Counsel**

As with Defendant's first claim, Defendant fails to explain or support this claim. To succeed on an ineffective assistance of trial counsel claim a movant must show both that: 1) counsel's representation was deficient: and 2) the deficient performance "prejudiced the defense." *Strickland v. Washing*ton*,* 466 U.S. 668, 687 (1984). As for the "deficient" prong, a movant must demonstrate that counsel "made errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. As for the prejudice prong, a movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.[1] The movant bears the burden of establishing his ineffective assistance of counsel claim by a preponderance of the evidence. *United States v. Serrano,* 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980)). A movant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance is highly deferential, and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[ ] within the wide range of reasonable professional assistance." *Id*. at 689. In

---

[1] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland,* 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

addition, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment . . .. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 691-92.

Any decisions made by Defendant's counsel before and during the course of trial are entitled to the presumption of validity. As stated by the Third Circuit:

> The Constitution does not require that a criminal defense attorney leave "no witness unpursued." *See Jacobs v. Horn,* 395 F.3d 92, 122 (3d Cir. 2005). As with other decisions by trial counsel, we presume that counsel acted strategically in deciding not to call certain witnesses, and the defendant bears the burden of rebutting that presumption. *See Thomas v. Varner,* 428 F.3d 491, 499-500 (3d Cir. 2005). In cases where the record does not explicitly disclose trial counsel's actual strategy or lack thereof, a defendant may rebut the presumption only by showing that no sound strategy could have supported the conduct. *See id.* at 500.

*Mitchell v. Grace*, 287 F. App'x 233, 235 (3d Cir. 2008). To challenge counsel's trial strategy, Defendant

> must show either that: (1) the suggested strategy (even if sound) was not in fact motivating counsel; or (2) that the actions could never be considered part of a sound strategy." Thomas v. Varner, 428 F.3d 491, 499 (3d Cir. 2005). A decision to call or not to call witnesses or to omit a specific statement from the record is generally within the discretion of the attorney as trial strategy.

*Rodriguez v. United States*, Civil No. 10-cv-0949 (RBK), 2011 U.S. Dist. LEXIS 83993, at *17-18 (D.N.J. Aug. 1, 2011) (citations omitted). Here, Defendant does neither.

Defendant takes issue with his counsel's assessment that the government had not proven its case beyond a reasonable doubt. Dkt. No. 314 at 4. However, contrary to his statement that "[r]are is the day in an American court of law where a defendant, proclaiming his innocence, receives no defense," *id.* at 4-5, numerous criminal defendants rest without calling any witnesses or introducing any evidence. In the American justice system, a

defendant does not have to put on a case. As understood by Defendant's counsel, it is the government's burden to prove its case beyond a reasonable doubt. This trial strategy is sound and not unreasonable. Defendant simply disagrees with his counsel's decisions.

If viewed in light of the list of potential witnesses Defendant claims were available but not called by his defense counsel, Defendant fails to demonstrate how the decision not to call these individuals as witnesses deprived Defendant of a fair trial.[2] Defendant has not shown a "substantial likelihood that the [witnesses'] testimony would have given rise to a different result." *Johnson v. Ransom*, Civil Action No. 19-2694, 2020 U.S. Dist. LEXIS 23267, *59-60 (E.D. Pa. Feb. 10, 2020) (citing *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a 'substantial,' not just 'conceivable,' likelihood of a different result.") (internal citations omitted)). The motion lacks any showing how this testimony would have supported a verdict in his favor or otherwise produced reasonable doubt as to his guilt.[3] Even if Defendant could prove that trial counsel's performance was deficient, without any evidence that the result of trial would have been different had counsel acted reasonably, Defendant's claim fails.

Further, in this circuit, "where a petitioner's claim [for ineffective assistance of counsel] is based on counsel's failure to call a witness, he must produce 'a sworn statement

[2] In *Duncan v. Morton*, 256 F.3d 189 (3d Cir. 2001), the Third Circuit declared that the "failure to use [a witness's] testimony amounted to a tactical decision within the parameters of reasonable professional judgment." *Id.* at 201 (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable")).

[3] Although, in his Reply, Defendant provides more context and explanation regarding how the testimony of some of the proposed witnesses might have addressed some of the United States' evidence, see Dkt. No. 314 at 4-15, it is inadequate to show that the proposed testimony would have created reasonable doubt as to his guilt.

regarding the nature of [the witness's] proposed testimony.'" *Frost v. Johnson*, Civ. No. 16-2982 (FLW), 2019 U.S. Dist. LEXIS 237640, at *43 (D.N.J. Feb. 28, 2019) (quoting *Tolentino v. United States*, No. 13-4168, 2014 U.S. Dist. LEXIS 107400, 2014 WL 3844807, at *3 (D.N.J. July 31, 2014) and citing *Duncan v. Morton*, 256 F.3d 189, 201 (3d Cir. 2001) (denying ineffective assistance of counsel claim for failure to interview or call a potential witness where petitioner failed to present any sworn testimony from the witness as to what his testimony would have been)). Here, Defendant has not supported his assertion that the individuals he identifies as potential witnesses would have agreed to testify on his behalf, nor has he included any sworn statements from any of the said individuals. This failure "is fatal to [Defendant's] making a *prima facie* showing of prejudice." *Tolentino*, 2014 U.S. Dist. LEXIS 107400, at *9.

**C. Ground Three: Fifth Amendment Right to Due Process**

This is the only claim in which Defendant specifically alleges that he was prejudiced by counsel's failure to call certain witnesses. However, as noted herein, Defendant fails to establish how the proffered witnesses' testimony would have been exculpatory or how this testimonial evidence would have altered the result of the trial. Thus, the Court finds that Defendant's right to due process was not violated.

## IV. CONCLUSION

The Court finds that Defendant's "claims are vague and conclusory without any factual or legal support. '[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.'" *United States v. Cook*, Crim. No. 3:16-CR-312, 2026 U.S. Dist. LEXIS 75080, at *15 (M.D. Pa. Apr. 7, 2026) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). Nothing in Defendant's motion

supports a finding of ineffective assistance of counsel or a violation of either the right to a fair trial or due process. As a result, the Court will deny Defendant's motion. An appropriate order follows.

**Dated:** November 13, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**